UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MAURICE FREEMAN, | ) | CASE NO. 1:10 CV 1413 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| BENNIE KELLEY, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On June 24, 2010, petitioner pro se Maurice Freeman filed the above-captioned habeas corpus action under 28 U.S.C. § 2254. Freeman is incarcerated in an Ohio penal institution, having been convicted, in 2001, of aggravated murder with a firearm specification. The petition reflects that Freeman filed an application to reopen his appeal in 2009 pursuant to Ohio App.R. 26(b), which was denied. For the reasons stated below, the petition is denied and this action is dismissed.

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United States. Furthermore, the petitioner must have exhausted all

available state remedies. 28 U.S.C. § 2254. Finally, persons in custody pursuant to a state court judgment must file any federal habeas petition within one year of the latest of:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

It appears evident on the face of the petition that the statute of limitations for filing this action has well expired. Freeman's 2009 application to reopen his appeal - presumably unavailing because of its gross untimeliness - cannot "retrigger" the statute of limitations, eight years after the completion of his direct appeal, for bringing a federal habeas action. Cf. Searcy v. Carter, 246 F.3d 515 (2001)(filing of delayed appeal does not cause federal habeas statute of limitations to begin running anew)

2

Further, none of the other circumstances set forth in 28 U.S.C. §
2244(d)(1) is claimed to apply, and there is no suggestion of any
other basis for tolling the one year statute of limitations.[1]
Therefore, the petition must be dismissed as time-barred.

Accordingly, the petition is denied and this action is
dismissed pursuant to Rule 4 of the Rules Governing Section 2254
Cases.[2]  Further, the court certifies, pursuant to 28 U.S.C. §
1915(a)(3), that an appeal from this decision could not be taken in
good faith, and that there is no basis on which to issue a
certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P.
22(b).

IT IS SO ORDERED.

_Donald C. Nugent 8/5/10_

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[1]  Petitioner provides no response to Paragraph 18 on the
petition form, which states: "If your judgment of conviction
became final over one year ago, you must explain the one-year
statute of limitations as contained in 28 U.S.C.§2244(d) does not
bar your petition."

[2]  This court is aware of Day v. McDonough, 547 U.S. 198,
(2006), but does not interpret the "notice to be heard"
requirement in that case as applying at the Rule 4 of the Rules
Governing Section 2254 Cases screening stage of the case, when
the petition is patently untimely.

3